UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Edward S. Robertson, | Case No. 19-cv-1009 (WMW/SER) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| R. Marques, Warden, | |
| Respondent. | |

The above-captioned case is before the undersigned on Robertson's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. (ECF No. 1).[1] This matter was referred for the resolution of pretrial matters pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons stated below, this Court recommends the petition be dismissed.

### I. BACKGROUND AND THE FIRST STEP ACT

Robertson was convicted in the United States District Court for the Southern District of Iowa and sentenced to 84 months imprisonment. (Decl. of Shannon Boldt, Ex. A, ECF No. 8). Robertson is presently incarcerated at the Federal Correctional Institution in Sandstone, Minnesota. (Boldt Decl. ¶ 3). Under current calculation methods, Robertson is projected to be released on July 16, 2019 due to earned good conduct time. (Boldt Decl., Ex. A).

---

[1] Also before the Court is Petitioner's Motion for Expedited Ruling of Petitioner's § 2241 Writ of Habeas Corpus, (ECF No. 11). It is granted insofar as this Court has issued its Report and Recommendation promptly given the timelines involved.

1

The First Step Act of 2018, Pub. L. 115–391, 132 Stat. 5194 (2018), was enacted on December 21, 2018. Relevant here, the First Step Act amends 18 U.S.C. § 3624. Pub. L. 115–391, § 102, 132 Stat. 5194, 5210. Previously, 18 U.S.C. § 3624(b) read:

> [A] prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

18 U.S.C. § 3624(b)(1). Interpreting this statute, the BOP calculated the 54 days for each year of imprisonment served, not for the term of imprisonment imposed. *See Barber v. Thomas*, 560 U.S. 474, 477–79 (2010) (explaining the BOP's calculation method). Under that method, which was upheld by the Supreme Court, prisoners effectively received 47 days of good time credit per year of imprisonment. *See id.* at 479.

The First Step Act amends § 3624(b)(1)

> by striking ", beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term," and inserting "of up to 54 days for each year of the prisoner's sentence imposed by the court . . .

Pub. L. 115–391, § 102(b), 132 Stat. 5194, 5210. Thus, § 3624(b)(1) as amended by the First Step Act reads:

> [A] prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, of up to 54 days for each year of the prisoner's sentence imposed by the court, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.

2

18 U.S.C. § 3624(b)(1) *as amended by* Pub. L. 115–391, § 102(b), 132 Stat. 5194, 5210.

The First Step Act is not immediately effective, however. Rather, the amendments "shall take effect beginning on the date that the Attorney General completes and releases the risk and needs assessment system . . . ." Pub. L. 115–391, § 102(b)(2), 132 Stat. 5194, 5213. The "risk and needs assessment system" must be completed "[n]ot later than 210 days after the date of enactment." Pub. L. 115–391, § 102(a), 132 Stat. 5194, 5196.

Robertson filed the instant habeas petition challenging the delayed implementation of the First Step Act. (Pet., at 2, 6–7; ECF No. 2, at 7–14). Robertson asserts exhaustion of administrative remedies would be futile due to the time sensitive nature of his request for relief and a Bureau of Prisons ("BOP") bulletin that forecloses the issue he challenges. (Pet., at 3, 6–7; ECF No. 2, at 5–6; *see* ECF No. 2, Ex. A).[2] Robertson requests that the BOP award him good time credit withheld under the previous calculation method. (Pet., at 8; ECF No. 2, at 14).

## II.   ANALYSIS

"[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253–54 (1992). "When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'" *Id.* at 254 (quoting *Rubin v. United States*, 449 U.S. 424, 430 (1981)). Courts "must enforce plain and unambiguous statutory

---

[2] Respondent has not challenged Robertson's assertion that he need not exhaust administrative remedies in this case. As such, this Court considers the underlying merits of Robertson's petition and does not decide whether exhaustion of administrative remedies was necessary.

3

language according to its terms." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 251 (2010).

"When a statute does not specify its effective date, and there is no clear congressional directive to the contrary, the statute takes effect on the date it is enacted." *United States v. Ways*, 832 F.3d 887, 893 (8th Cir. 2016) (citing *Johnson v. United States*, 529 U.S. 694, 702 (2000)). But, as noted above, the First Step Act is clear in that it is not immediately effective, but instead only takes effect once the "Attorney General completes and releases the risk and needs assessment system . . ." Pub. L. 115–391, § 102(b)(2), 132 Stat. 5194, 5213. The Attorney General has 210 days to complete the risk and needs assessment system. Pub. L. 115–391, § 102(a), 132 Stat. 5194, 5196. Thus, the amendment to § 3624(b)(1) will not take effect until approximately mid-July 2019. *Pizarro v. White*, 2019 WL 1922437, at *1 (M.D. Pa. Apr. 30, 2019); *Christopher v. Wilson*, 2019 WL 1745968, at *1 (N.D. Tex. Apr. 18, 2019); *Matthews v. Williams*, 2019 WL 1639776, at *2 (N.D. Ohio Apr. 16, 2019); *Roy v. United States Bureau of Prisons*, 2019 WL 1441622, at *1 (E.D. Wash. Apr. 1, 2019). Because the amendments to § 3624(b)(1) are not in effect, the BOP has no statutory authority to recalculate Robertson's good time credit until the relevant provision of the First Step Act takes effect. *Christopher*, 2019 WL 1745968, at *2; *Matthews*, 2019 WL 1639776, at *2; *Roy*, 2019 WL 1441622, at *2. As such, Robertson's habeas petition is premature. *Pizarro*, 2019 WL 1922437, at *1; *Christopher*, 2019 WL 1745968, at *2; *Matthews*, 2019 WL 1639776, at *2; *Roy*, 2019 WL 1441622, at *2.

Robertson urges an interpretation of the First Step Act that avoids the "absurd" result of delaying a statutory fix for seven months. Robertson is correct that "courts do not construe statutes in a manner that would lead to absurd results." *United States v. Casasola*, 670 F.3d 1023, 1029 (9th Cir. 2012). While the result here may be harsh, it is not absurd. In amending § 3624(b)(1), Congress was aware that prisoners' sentences would be recalculated. Nevertheless, Congress delayed the implementation of the relevant amendment until the Attorney General completed the risks and needs assessment and permitted the Attorney General 210 days to complete that task. While the plain reading of the First Step Act results in a harsh result to Robertson, it does not permit this Court to forgo the plain language of the law. *Lamie v. United States Trustee*, 540 U.S. 526, 538 (2004) ("Our unwillingness to soften the import of Congress' chosen words even if we believe the words lead to a harsh outcome is longstanding."); *Union Bank v. Wolas*, 502 U.S. 151, 158 (1991) ("The fact that Congress may not have foreseen all of the consequences of a statutory enactment is not a sufficient reason for refusing to give effect to its plain meaning."). Moreover, Respondent has identified valid reasons for honoring the delay in the First Step Act's effective date established by Congress, including permitting the BOP the opportunity to make plans for the inmates that are set to be released following recalculated good time credits.

### III.   RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, (ECF No. 1), be **DISMISSED WITHOUT PREJUDICE**.

Date: May 8, 2019

*s/ Steven E. Rau*
Steven E. Rau
United States Magistrate Judge
District of Minnesota

*Robertson v. Marques*
Case No. 19-cv-1009 (WMW/SER)

### NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).