UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| Edward S. Robertson, | Case No. 19-cv-1009 (WMW/SER) |
|---|---|
| Petitioner, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| R. Marques, Warden, | |
| Respondent. | |

This matter is before the Court on the May 8, 2019 Report and Recommendation (R&R) of United States Magistrate Judge Steven E. Rau, (Dkt. 13), which recommends dismissing Petitioner Edward S. Robertson's petition for a writ of habeas corpus. Robertson filed timely objections to the R&R, and Respondent R. Marques responded. For the reasons addressed below, the Court adopts the R&R and dismisses without prejudice Robertson's petition for a writ of habeas corpus.

## BACKGROUND

Robertson, who currently is incarcerated at the Federal Correctional Institution in Sandstone, Minnesota, filed the instant habeas petition in April 2019. He challenges the method that the Federal Bureau of Prisons (BOP) used to calculate credit towards the service of his sentence for satisfactory behavior, commonly referred to as "good time credit." *See Barber v. Thomas*, 560 U.S. 474, 476 (2010). Robertson argues that the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018) (the Act) is a "good time fix"

that manifests Congress's intent that good time credit should be calculated based on the term of imprisonment imposed by a sentencing judge.

Prior to the passage of the Act, the BOP interpreted Title 18, United States Code, Section 3624(b), to permit the calculation of good time credit based on the length of time that a prisoner actually serves rather than the length of the sentence imposed. *See Barber*, 560 U.S. at 477-79. The Act amends Section 3624(b) to require calculating good time credit based on the length of a prisoner's sentence imposed by the court. Robertson argues on alternate grounds that the BOP has incorrectly calculated his good time credit. Either the implementation of the Act has been unduly delayed, Roberson contends, or the passage of the Act clarified Congress's original intent for calculating good time credit pursuant to Section 3624(b).

## ANALYSIS

A district court reviews de novo those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). In doing so, the district court may accept, reject, or modify, in whole or in part, the findings or recommendations of the magistrate judge. *Id.*; *accord* Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3).

Robertson objects to the R&R's recommendation to dismiss his habeas petition. Robertson does not challenge the R&R's conclusion that the Act does not take effect until the Attorney General "completes and releases the risk and needs assessment system." Pub. L. 115-391, 132 Stat. 5194, 5213. Nor does Robertson dispute that the plain language of the Act provides the Attorney General 210 days to complete the risk and needs assessment system, this 210-day period has not expired, and the amendment to Section 3624(b) will

not take effect until approximately mid-July, 2019. Rather, Robertson argues that the legislative history of Section 3624(b) demonstrates that the BOP's current method of calculating good time credit is incorrect even if the amendment to Section 3624(b) is not in effect. This argument is unavailing.

In *Barber*, the Supreme Court of the United States previously upheld the BOP's current method of calculating good time credit. *Barber*, 560 U.S. at 480. In doing so, the Court concluded that the BOP's calculation method, which relies on the length of time a prisoner actually serves rather than the length of the term of imprisonment imposed by the sentencing judge, is consistent with both the text of Section 3624(b) and its legislative history. *Id.* at 483-86. By arguing that the legislative history of Section 3624(b) is inconsistent with the BOP's current calculation method, Robertson urges this Court to disregard binding precedent. *See United States v. Robinson*, 781 F.3d 453, 459 (8th Cir. 2015) ("[I]t is self-evident that Supreme Court decisions are binding precedent in every circuit." (internal quotation marks omitted)). Moreover, the Act's 2018 amendments do not, as Robertson suggests, demonstrate that *Barber* was incorrectly decided in light of the law in effect at the time. *See Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 305 (1994) (stating that legislative amendment does not "necessarily indicate that Congress viewed a judicial decision as 'wrongly decided' as an interpretive matter").

Because the Act's amendments to Section 3624(b) are not in effect at this time and the BOP's current method of calculating good time credit is consistent with Supreme Court precedent, the Court overrules Robertson's objections and adopts the R&R in full.

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. The objection of Petitioner Edward S. Robertson, (Dkt. 15), is **OVERRULED**;

2. The May 8, 2019 R&R of United States Magistrate Judge Steven E. Rau, (Dkt. 13), is **ADOPTED**; and

3. Petitioner Edward S. Robertson's petition for a writ of habeas corpus, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  June 13, 2019                    s/Wilhelmina M. Wright  
                                         Wilhelmina M. Wright  
                                         United States District Judge