UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Edward S. Robertson, | Case No. 19-cv-1009 (WMW/SER) |
| Petitioner, | **ORDER DENYING MOTION TO RECONSIDER** |
| v. | |
| R. Marques, Warden, | |
| Respondent. | |

---

This matter is before the Court on the motion of Petitioner Edward S. Robertson, (Dkt. 21), seeking the Court's reconsideration of its June 13, 2019 Order adopting the May 8, 2019 Report and Recommendation of United States Magistrate Judge Steven E. Rau and dismissing Robertson's petition for a writ of habeas corpus.

Rule 59(e), Fed. R. Civ. P., provides that a party may file a "motion to alter or amend a judgment" within 28 days of the entry of judgment. Rule 59(e) motions "serve a limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal quotation marks omitted). The Court has broad discretion in determining whether to grant such a motion. *Id.*

Robertson's habeas petition sought the immediate recalculation of "good time" credited towards his sentence of imprisonment pursuant to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). But at the time when Robertson filed his habeas

petition, the First Step Act was not in effect. The Court thus dismissed Robertson's habeas petition without prejudice as premature.

Robertson's present motion purports to present newly discovered evidence that the Bureau of Prisons (BOP) has been selectively granting prisoners extra good time credit consistent with the language of the First Step Act.[1] Even taken as true, this evidence does not alter the Court's legal conclusion that the First Step Act was not in effect at the time Robertson filed his habeas petition or at the time of the Court's Order. And although the date that the First Step Act was due to go into effect—July 19, 2019—has since passed, Robertson nonetheless is required to present his claim to the BOP before seeking habeas relief in this Court. *See Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009).

Based on the foregoing analysis and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner Edward S. Robertson's motion to reconsider, (Dkt. 21), is **DENIED**.

Dated: August 15, 2019                          s/Wilhelmina M. Wright
                                                                            Wilhelmina M. Wright
                                                                            United States District Judge

---

[1] Robertson also cites Rule 60(b)(3), Fed. R. Civ. P., in the caption of his motion, and asserts that the BOP "induced an erroneous decision through either fraud or negligence." Robertson provides no factual support for this claim.